UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| S.A., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>    Defendants. | Case No. 18-cv-03539-LB<br><br>**ORDER GRANTING MOTIONS FOR APPOINTMENTS OF GUARDIANS AD LITEM**<br><br>Re: ECF Nos. 13–16 |

**INTRODUCTION**

This case arises from the Trump Administration's termination of the parole portion of the Central American Minors program, which provided for a process by which Central American parents lawfully residing in the United States could apply to bring their children to the United States.[1] The plaintiffs include J.F., an adult national of Honduras lawfully residing in the United States, and his daughters A.F., age 2, and H.F., age 8; G.E., an adult national of El Salvador lawfully residing in the United States, and his son B.E., age 17; and R.C., an adult national of El Salvador lawfully residing in the United States, and his son J.C., age 16.[2] The plaintiffs have filed

---

[1] *See generally* Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 5–7 (¶¶ 10, 12–13).

ORDER – No. 18-cv-03539-LB

petitions to appoint J.F. as guardian ad litem for A.F. and H.F., G.E. as guardian ad litem for B.E., and R.C. as guardian ad litem for J.C.[3]

## ANALYSIS

### 1. Governing Law

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). An individual's capacity to sue is determined by the law of the individual's domicile. Fed. R. Civ. P. 17(b). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6500. A minor may bring suit as long as a guardian conducts the proceedings and the court may appoint a guardian ad litem to protect the minor's interests in the litigation. Cal. Fam. Code § 6601; Cal. Civ. Proc. Code § 372(a); *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 46–47 (2007).

The court "has broad discretion in ruling on a guardian ad litem application." *Williams*, 147 Cal. App. 4th at 47. In the case of parent representatives, "'[w]hen there is a potential conflict between a perceived parental responsibility and an obligation to assist the court in achieving a just and speedy determination of the action,' a court has the right to select a guardian ad litem who is not a parent if that guardian would best protect the child's interests." *Id.* at 49 (quoting *M.S. v. Wermers*, 557 F.2d 170, 175 (8th Cir. 1977)). Thus, "if the parent has an actual or potential conflict of interest with his [or her] child, the parent has no right to control or influence the child's litigation." *Id.* at 50. If, on the other hand, "a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *J.M. v. Liberty Union High Sch. Dist.*, No. 16-cv-05225-LB, 2016 WL 4942999, at *1 (N.D. Cal. Sept. 16, 2016) (citing cases). "'In the absence of

---

[3] Pets. for Appointment of Guardian Ad Litem – ECF Nos. 13–16.

ORDER – No. 18-cv-03539-LB        2

a conflict of interest, the appointment is usually made on application only and involves little exercise of discretion.'" *Williams*, 147 Cal. App. 4th at 47 (internal ellipsis omitted) (quoting *In re Marriage of Caballero*, 27 Cal. App. 4th 1139, 1149 (1994)).

### 2. Application

A.F., H.F., B.E., and J.C. are all under eighteen years old and therefore are minors under California law. Their ability to sue is contingent on appointments of guardians ad litem. A parent may serve as guardian ad litem if the parent does not have an adverse interest.

A.F., H.F., B.E., and J.C. ask to appoint their respective fathers as guardian ad litem. The fathers — J.F., G.E., and R.C. — are all plaintiffs in this action, and the fathers' and children's interests are the same. The court finds no conflicts in their claims. The guardian ad litem appointments are therefore appropriate. *See J.M.*, 2016 WL 4942999, at *2 ("Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest.") (quoting *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001)).

## CONCLUSION

The court grants the petitions and appoints J.F. as guardian ad litem for A.F. and H.F., G.E. as guardian ad litem for B.E., and R.C. as guardian ad litem for J.C.

**IT IS SO ORDERED.**

Dated: June 19, 2018

_____
LAUREL BEELER
United States Magistrate Judge