ALEX G. TSE (CABN 152348)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney
ALISON E. DAW (CABN 137026)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6475
    FAX: (415) 436-7234
    wendy.garbers@usdoj.gov

Attorneys for the Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| S.A.; J.A.; A.B.; R.C., on behalf of himself and as Guardian Ad Litem for J.C., a minor child; M.C.; D.D.; G.E., on behalf of himself and as Guardian Ad Litem for B.E., a minor child; J.F. on behalf of himself and as Guardian Ad Litem for H.F. and A.F., minor children, on behalf of themselves and on behalf of a class of all similarly situated individuals, and CASA, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF STATE; KIRSTJEN NIELSEN, in her official capacity as Secretary of Homeland Security; MICHAEL R. POMPEO, in his official capacity as Secretary of State; L. FRANCIS CISSNA, in his official capacity as Director of U.S. Citizenship and Immigration Services; UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 18-CV-03539 LB <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS** <br><br> Date:  October 11, 2018 <br> Time:  9:30 a.m. <br><br> The Honorable Laurel Beeler |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on October 11, 2018, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom C, 15th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Laurel Beeler, the Federal Defendants shall and hereby do move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss all claims in the Class Action Complaint for Declaratory and Injunctive Relief.

Through this Motion, the Federal Defendants seek an Order dismissing plaintiffs' causes of action: (1) under the Administrative Procedures Act, (2) for alleged Due Process violations, (3) for alleged Equal Protection violations, and (4) for equitable estoppel. The Federal Defendants also seek to have all claims of the alien parole applicants, who are nationals of, and currently residing in, either Honduras, El Salvador or Guatemala, dismissed for lack of standing, as well as the direct injury claims of CASA dismissed for lack of standing. Finally, all claims against President Trump should be dismissed, as the President has absolute immunity and this Court lacks jurisdiction to enjoin him.

This Motion is based on the Memorandum In Opposition To Plaintiffs' Motion For A Preliminary Injunction And In Support Of Motion To Dismiss submitted herewith, the Administrative Record submitted herewith, the pleadings, records and files in this action, and such other written or oral argument as may be presented at or before the time this Motion is taken under submission by the Court.

**ISSUES TO BE DECIDED**
**(Local Rule 7-4(A)(3))**

1. Should plaintiffs' claims under the Administrative Procedures Act be dismissed in light of the fact that the agency has submitted an Administrative Record that reflects a facially legitimate basis for termination of the CAM Parole Program?

2. Should plaintiffs' Due Process claims be dismissed in light of the fact that plaintiffs lack a constitutionally-protected interest in continuation of the CAM Parole Program?

3. Should plaintiffs' Equal Protection claims be dismissed in light of the fact that the agency has submitted an Administrative Record that reflects a facially legitimate basis for termination of the CAM

1  Parole Program, and in light of the fact that termination of the CAM Parole Program does not single out
2  nationals of El Salvador, Guatemala and Honduras for less favorable parole consideration than nationals
3  of other countries?

4      4. Should plaintiffs' equitable estoppel claims be dismissed in light of the fact that equitable
5  estoppel does not provide an affirmative cause of action?

6      5. Should the claims of the alien parole applicants, who are nationals of, and currently residing
7  in, either Honduras, El Salvador or Guatemala, be dismissed for lack of standing? Should CASA's
8  direct injury claims also be dismissed for lack of standing?

9      6. Should all claims against President Trump be dismissed, in light of the fact that the President
10 has absolute immunity and this Court lacks jurisdiction to issue an injunction against the President?

DATED: August 24, 2018                               Respectfully submitted,

                                                               ALEX G. TSE
                                                                United States Attorney

                                                                */s/ Wendy M. Garbers*
                                                                WENDY M. GARBERS
                                                               Assistant United States Attorney