1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                  San Francisco Division

11   S.A., et al.,                              Case No. 18-cv-03539-LB

12              Plaintiffs,

13        v.                                    **ORDER ADDRESSING PLAINTIFFS'
                                                MOTION FOR PRELIMINARY
14   DONALD J. TRUMP, et al.,                   INJUNCTION**

15              Defendants.                     Re: ECF No. 24

16

17        On December 10, 2018, the court granted in part and denied in part the defendants' motion to

18   dismiss.[1] It denied the motion to dismiss the plaintiffs' Administrative Procedure Act ("APA")

19   claims with respect to the government's mass-rescinding conditional approvals of parole made

20   under the CAM Parole Program. In all other respects, the court granted the defendants' motion to

21   dismiss.

22        The remaining motion is the plaintiffs' motion for a preliminary injunction. "The general rule

23   regarding the scope of preliminary injunctive relief is that it 'should be no more burdensome to the

24   defendant than necessary to provide complete relief to the plaintiffs before the court.'" *Regents of*

25

26

27   ---
     [1] Order – ECF No. 51. Record citations refer to material in the Electronic Case File ("ECF"); pinpoint
     citations are to the ECF-generated page numbers at the top of documents.
28

United States District Court
Northern District of California

ORDER – No. 18-cv-03539-LB

—

1    *the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, 908 F.3d 476, 511 (9th Cir. 2018) (quoting *L.A.*

2    *Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 664 (9th Cir. 2011)). In "an arbitrary-and-

3    capricious challenge under the APA. . . ., 'when a reviewing court determines that agency

4    regulations are unlawful, the ordinary result is that the rules are vacated — not that their

5    application to the individual petitioners is proscribed.'" *Id.* (internal brackets omitted) (quoting

6    *Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs*, 145 F.3d 1399, 1409 (D.C. Cir. 1998)). But "[a]

7    federal court 'is not required to set aside every unlawful agency action,' and the 'decision to grant

8    or deny injunctive or declaratory relief under APA is controlled by principles of equity.'" *All. for*

9    *the Wild Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1121 (9th Cir. 2018) (quoting *Nat'l Wildlife*

10   *Fed'n v. Espy*, 45 F.3d 1337, 1343 (9th Cir. 1995)).

11       At the hearing on the parties' motions, the court raised the question of what relief, if any, it

12   should enter, and it raises the question again now. While the court has the parties' briefing on the

13   plaintiffs' preliminary-injunction motion, the court's ruling on the defendants' motion to dismiss

14   has changed the landscape of the case from when the parties first briefed the motion. The court

15   inquires whether the parties want to submit supplemental briefing to address the surviving claims

16   or other issues in the current landscape.[2]

17       The court directs the parties to meet and confer about whether they want to submit

18   supplemental briefing. If the parties agree that they want to submit supplemental briefing, they

19   must submit a proposed briefing schedule to the court within one week.[3] If the parties want to rest

20   on their current briefs, they must submit a notice to the court, and the court then will decide the

21   plaintiffs' preliminary-injunction motion on the current briefs.

22

---

23   [2] For example, the plaintiffs' preliminary-injunction briefs discuss, among other things, the irreparable
24   injury that arises from constitutional violations. These arguments no longer apply now that the court
     has dismissed the plaintiffs' constitutional claims. Another example is that at the hearing, the
25   defendants discussed the burdens that the government might have to bear if it had to restart processing
     parole approvals. The defendants did not discuss these burdens in their brief.

26   [3] Supplemental briefing must not exceed ten double-spaced pages for the plaintiffs' opening brief, ten
     double-spaced pages for the defendants' response, and five double-spaced pages for the plaintiffs'
27   reply. Alternatively, the parties may submit a joint letter brief of not more than ten single-spaced
     pages.

28

United States District Court
Northern District of California

1         The court also directs the parties to meet and confer about whether, in light of the court's order

2   on the defendants' motion to dismiss, the plaintiffs want to amend their complaint. It is not clear

3   that the defects in the complaint can be cured through additional pleading (other than, perhaps, the

4   equitable-estoppel claim), but the court welcomes the parties' views on this question. The court

5   asks the parties to submit a joint statement with their views within one week.

6

7   **IT IS SO ORDERED.**

8   Dated: December 10, 2018



9                    _____

10                  LAUREL BEELER
United States Magistrate Judge

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28