1 | DANIEL B. ASIMOW (SBN 165661)
daniel.asimow@arnoldporter.com
MATTHEW H. FINE (SBN 300808)
matthew.fine@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, California  94111
Telephone:	415.471.3100
Facsimile:	415.471.3400

JOHN A. FREEDMAN (appearance *pro hac vice*)
john.freedman@arnoldporter.com
GAELA K. GEHRING FLORES*
gaela.gehringflores@arnoldporter.com
DAVID J. WEINER (CA SBN 219753)
david.weiner@arnoldporter.com
DANA O. CAMPOS*
dana.campos@arnoldporter.com
MATEO MORRIS*
mateo.morris@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC  20001-3743
Telephone:	202.942.5000
Facsimile:	202.942.5999

LINDA EVARTS (appearance *pro hac vice*)
levarts@refugeerights.org
KATHRYN C. MEYER (appearance *pro hac vice*)
kmeyer@refugeerights.org
MARIKO HIROSE (appearance *pro hac vice*)
mhirose@refugeerights.org
INTERNATIONAL REFUGEE ASSISTANCE PROJECT
40 Rector Street, 9th Floor
New York, NY  10006
Telephone:	646.459.3057
Facsimile:	212.533.4598

PHILLIP A. GERACI*
phillip.geraci@arnoldporter.com
SUSAN S. HU*
susan.hu@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710
Telephone:	212.836.8000
Facsimile:	212.836.8689

*Attorneys for Plaintiffs*

\**Pro Hac Vice* motion forthcoming

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| S.A.; *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; *et al*., <br><br> Defendants. | Case No. 3:18-cv-03539-LB <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO STAY CASE IN LIGHT OF LAPSE OF APPROPRIATIONS [ECF NO. 57]** |

Plaintiffs respectfully oppose Defendants' Administrative Motion to Stay Case ("Defs.' Mot.") (ECF. No. 57), insofar as Defendants request to indefinitely extend all case deadlines pending the end of the partial government shutdown based on their incorrect premise that Department of Justice attorneys are prohibited by law from working on this case. Plaintiffs are, however, prepared to meet and confer with Defendants as to a limited, reasonable extension of the existing briefing schedule—if actually needed.

Defendants' Motion suggests that good cause exists to modify the current case scheduling order—in particular, to extend indefinitely Defendants' January 22 deadline for Defendants' responsive supplemental brief regarding Plaintiffs' motion for preliminary injunction—because the partial government shutdown means that Defendants' counsel is "prohibited from working, even on a voluntary basis" on this matter by the Antideficiency Act, 31 U.S.C. § 1342. *See* Defs.' Mot. at 2. But Defendants are simply incorrect, as this case falls well within the activities permitted under both the Antideficiency Act and the Department of Justice's own Fiscal Year 2019 Contingency Plan for operations during a lapse in appropriations.

The Antideficiency Act prohibition does not apply to "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. That standard is met when there is "some reasonable and articulable connection between the function to be performed and the safety of human life or the protection of property" and "some reasonable likelihood that the safety of human life or the protection of property would be compromised, in some degree, by delay in the performance of the function in question." 43 Op. Att'y Gen. 293, 302 (Jan. 16, 1981). As its Contingency Plan notes, the Department of Justice's mission and duties mean that the Department "has a high percentage of activities and employees that are excepted from the Antideficiency Act restrictions and can continue during a lapse in appropriations." DOJ Contingency Plan at 1, *available at* https://www.justice.gov/jmd/page/file/1015676/download; *see also id.* at 2 (reporting that, as of the beginning of Fiscal Year 2019, 84% of DOJ employees would continue working in the event of a lapse in appropriations). As to civil litigation specifically, the Plan explains that DOJ attorneys should seek to stay cases only if doing so would not "significant[ly]" affect "the safety of

human life or the protection of property."[1]  *Id.* at 3.  That determination, however, is ultimately a legal one that is up to the courts, as the Plan explains: "If a court denies such a request and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *Id.*

Under the case-by-case approach required by the Antideficiency Act and the DOJ's own Contingency Plan, this case falls within the scope of activities the Department of Justice is authorized to continue notwithstanding the lapse in appropriations.  By virtue of the CAM Parole program's eligibility requirements, all individuals who were conditionally approved for parole—including Individual Plaintiffs and the beneficiaries of members of Organizational Plaintiff CASA—have been determined by the U.S. government to be at risk of harm.  *See* Order on Defts' Motion to Dismiss at 8 (ECF No. 51).  Moreover, Plaintiffs introduced substantial evidence of the specific risk of harm to conditionally approved Plaintiffs and others like them in Central America. *See, e.g.*, Declaration of J.C. ¶¶ 7–9, 15 (ECF No. 6-17) (teenage boy beaten until unconscious by MS-13 members, required emergency surgery, and now "barely leave[s] the house because [he] live[s] in constant fear of being attacked by gang members again"); Declaration of M.C. ¶¶ 22–28 (ECF No. 6-15) (teenage girl had to go "into hiding" to avoid rape by MS-13 member); Declaration of J.A. ¶¶ 22–24 (ECF No. 6-13) (adult daughter and her baby son temporarily fled to San Salvador to escape constant threats of gang member); Declaration of B.E. ¶¶ 5–9 (ECF No. 6-16) (teenage boy received repeated death threats from MS-13 members who killed his uncle in front of boy's home); Declaration of John Feeley ¶¶ 13–56 (Feeley Decl.) (ECF No. 24-3) (describing the "life-threatening conditions" in Central America that "have worsened since the [CAM] program was created in 2014, especially for minors"); Declaration of Lawrence Yungk ¶¶ 50–55 (ECF No. 24-4) (describing how the sudden CAM Parole termination and mass rescission likely "left [applicants] in an even more vulnerable position than they would have been in had they never applied"); *see also* Declaration of Daniel B. Asimow ISO Motion, Exs. 3, 4, 5, 6, 16 (ECF No. 25).

Indeed, it was because of the immediate and ongoing threats to Plaintiffs' lives that

---

[1] Nearly half of DOJ Civil Division staff are classified as "excepted employees"—that is, employees whose availability to continue litigating civil matters involving federal defendants is projected to fall within an exception to the Antideficiency Act.  DOJ Contingency Plan at 12 tbl. 2.

1  Plaintiffs moved for preliminary relief in July 2018. (ECF No. 24). In the six months since
2  Plaintiffs filed their motion, they and others like them have remained in immediate danger, which is
3  only worsening over time. *See* Feeley Decl. ¶¶ 16, 24–56; Kevin Sieff, *When Death Awaits*
4  *Deported Asylum Seekers*, WASH. POST, Dec. 26, 2018, https://wapo.st/2CO6nRC (describing
5  concerns expressed by then-Secretary of State Tillerson and Central American government officials
6  about the inability of local governments to protect their citizens from gangs). Conditionally
7  approved Plaintiffs and others like them need preliminary relief from danger as soon as possible,
8  and such relief is necessary and appropriate for the reasons explained in Plaintiffs' briefing and
9  supplemental briefing on their preliminary injunction motion. (ECF Nos. 24, 35, 58).

10  The Antideficiency Act does not bar the Department of Justice from continuing to work on
11  this case, as other courts have recently held in similar factual contexts. *See* Order, *Doe v. Nielsen*,
12  No. 5:18-cv-02349 (N.D. Cal. Jan. 3, 2019), ECF No. 147, at 1–2 (denying government request to
13  stay discovery and deadlines in case challenging the government's decision to deny resettlement
14  through USRAP, en masse, to 87 Iranian refugees "currently 'in limbo' in Vienna, Austria" due in
15  large part to the U.S. government's "unsubstantiated rejections of their applications for refugee
16  resettlement"); Minute Order, *O.A. v. Trump*, No. 18-cv-02718 (D.D.C. Dec. 27, 2018) (denying
17  government's request to stay briefing deadlines in action challenging the recently-issued asylum
18  ban targeting Central American migrants requesting asylum); Minute Order, *Ramirez v. U.S.*
19  *Immigration & Customs Enforcement*, No. 1:18-cv-508 (D.D.C. Dec. 31, 2018) (denying the
20  government's unopposed motion to stay discovery and other proceedings in an action challenging
21  "the allegedly unnecessary and illegal detention" of immigrant teenagers in "restrictive detention
22  facilities").[2] Indeed, in *O.A.*, Judge Moss denied the government's stay request notwithstanding

---

24  [2] *See also Kornitzky Group, LLC v. Elwell*, — F.3d —, No. 18-1160, 2019 WL 138710 (D.C. Cir.
25  Jan. 9, 2019) (denying government's motion to stay oral argument due to lapse in appropriations);
    Order, *New York v. U.S. Dep't. of Labor*, No. 1:18-cv-1747 (D.D.C. Dec. 28, 2018), ECF No. 71
26  (denying government's stay request in action challenging new rule related to Affordable Care Act
    plan requirements); Text Order, *California v. Health & Hum. Servs.*, No. 4:17-cv-05783 (N.D. Cal.
27  Dec. 27, 2018), ECF No. 183 (denying government's motion for a stay given the effective date of
    the challenged rules for insurance coverage for contraceptives); Order, *United States v. Baltimore*
28  *Police Dep't*, No. 1:17-cv-99-JKB (D. Md. Dec. 26, 2018), ECF No. 173 (denying consent motion
    for stay in case "involving the safety and well-being of the citizens of Baltimore," and holding that

that the government's asylum ban was already subject to a nationwide preliminary injunction (in a different case)[3] based on the court's reasoning that there was "'some reasonable and articulable connection between'" the continuation of the case "'and the safety of human life or the protection of property[.]'"  Minute Order, *O.A. v. Trump*, No. 18-cv-02718 (D.D.C. Dec. 27, 2018) (citation omitted).

To be clear, Plaintiffs are sympathetic to the possibility that the lapse in appropriations could reasonably cause Defendants and/or Defendants' counsel some brief delay in meeting the current deadlines, notwithstanding their best efforts and all due diligence.  For this reason, Plaintiffs already consented to a brief extension of deadlines for supplemental briefing on Plaintiffs' motion for preliminary injunction.  *See* ECF No. 55.  Plaintiffs, moreover, are willing to meet and confer with Defendants to discuss limited, necessary further accommodations of the current briefing schedule.  But the stakes are too high for Plaintiffs to agree to prolong—indefinitely—a ruling that could grant them preliminary relief from the deadly dangers they face every day.  Moreover, there is no reason to believe that Defendants' short supplemental responsive brief should be particularly burdensome for Defendants or Defendants' counsel.[4]  The Court issued its Orders on Defendants' motion to dismiss and Plaintiffs' motion for preliminary injunction (ECF Nos. 51, 52) nearly two weeks before the lapse in appropriations.  The currently scheduled briefing supplements an already-briefed and argued motion and is substantially limited in scope and length.  Moreover, Plaintiffs filed their

---

DOJ attorneys "are required to find the means by which to continue their participation in this litigation on a timely basis regardless of their client's internal issues").

[3] Both the Ninth Circuit and the Supreme Court recently refused to stay that preliminary injunction pending appeal.  *See Trump v. E. Bay Sanctuary Covenant*, — U.S. — , No. 18A615, 2018 WL 6713079, at *1 (Dec. 21, 2018) (mem.); *E. Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219 (9th Cir. 2018).

[4] Defendants' Motion is silent on the effect of the lapse in appropriations on Defendants themselves but, per public reporting, an estimated 87% of DHS employees continue to work notwithstanding the partial government shutdown.  *See* Ted Mellnik & Kate Rabinowitz, *Who Gets Sent Home When the Government Shuts Down*, WASH. POST, Dec. 22, 2018, https://wapo.st/2RtxaL3.  Current State Department numbers are not publicly available, *see id.*, but during the 16-day government shutdown in 2013, it "furlough[ed] only a few hundred of its 70,000 employees."  Eric Katz, *Agencies to Start Increasing Furlough Numbers as Shutdown Drags On*, GOV'T EXEC., Dec. 28, 2018, https://bit.ly/2SyAKAX.

initial supplemental brief just two days ago, and Defendants have fully two weeks from filing to respond. Finally, the only basis Defendants have provided for a stay or extension of their briefing deadline is their legal conclusion that Defendants' counsel are prohibited from working on the case, which is incorrect for the reasons described *supra*.

In light of the foregoing, Plaintiffs respectfully oppose Defendants' Motion insofar as it seeks an indefinite stay of all case deadlines, including the deadline for Defendants' supplemental responsive brief. Plaintiffs would, however, agree to meet and confer to discuss an additional limited extension of the current briefing schedule upon a showing of good cause.

DATED: January 10, 2019.

Respectfully submitted,

| /s/ *Daniel B. Asimow* | /s/ *Linda Evarts* |
|---|---|
| DANIEL B. ASIMOW<br>MATTHEW H. FINE<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>Three Embarcadero Center, 10th Floor<br>San Francisco, California  94111 | LINDA EVARTS (appearance *pro hac vice*)<br>KATHRYN C. MEYER (appearance *pro hac vice*)<br>MARIKO HIROSE (appearance *pro hac vice*)<br>INTERNATIONAL REFUGEE ASSISTANCE PROJECT<br>40 Rector Street, 9th Floor<br>New York, NY  10006 |

JOHN A. FREEDMAN (appearance *pro hac vice*)
DAVID J. WEINER
GAELA K. GEHRING FLORES*
DANA O. CAMPOS*
MATEO MORRIS*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC  20001-3743

PHILLIP A. GERACI*
SUSAN S. HU*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY  10019-9710

*Pro Hac Vice* motion forthcoming

*Attorneys for Plaintiffs*

## ATTESTATION OF CONCURRENCE IN THE FILING

Pursuant to Civil Local Rule 5-1(i)(3), I declare that concurrence has been obtained from all signatories to file this document with the Court.

/s/ *Daniel B. Asimow*
DANIEL B. ASIMOW