DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
WENDY M. GARBERS (CABN 213208)
Assistant United States Attorney
ALISON E. DAW (CABN 137026)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6475
    FAX: (415) 436-7234
    wendy.garbers@usdoj.gov

Attorneys for the Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| S.A.; J.A.; A.B.; R.C., on behalf of himself and as Guardian Ad Litem for J.C., a minor child; M.C.; D.D.; G.E., on behalf of himself and as Guardian Ad Litem for B.E., a minor child; J.F. on behalf of himself and as Guardian Ad Litem for H.F. and A.F., minor children, on behalf of themselves and on behalf of a class of all similarly situated individuals, and CASA,<br><br>    Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. DEPARTMENT OF STATE; KIRSTJEN NIELSEN, in her official capacity as Secretary of Homeland Security; MICHAEL R. POMPEO, in his official capacity as Secretary of State; L. FRANCIS CISSNA, in his official capacity as Director of U.S. Citizenship and Immigration Services; UNITED STATES OF AMERICA,<br><br>    Defendants. | Case No. 18-CV-03539 LB<br><br><br><br><br><br><br><br><br>**BINDING MEMORANDUM OF AGREEMENT; [PROPOSED] ORDER** |

**BINDING MEMORANDUM OF AGREEMENT**

WHEREAS, this Court granted in part and denied in part Defendants' motion to dismiss, dismissing many of Plaintiffs' claims and holding that Defendants' mass rescission of conditional approvals for parole of 2,714 beneficiaries was arbitrary and capricious in violation of the Administrative Procedure Act (ECF No. 51 at 53-56).

WHEREAS, prior to the Court's Order on Plaintiffs' motion for preliminary injunction (ECF No. 77), Defendants submitted a Notice to the Court that USCIS was undergoing "a reconsideration process that will address those individuals who had been conditionally approved for parole" (ECF No. 76 at 2).

WHEREAS, this Court granted in part and denied in part Plaintiffs' motion for preliminary injunction (hereinafter "PI Order"), "vacat[ing] [Defendant] DHS's decision to mass-rescind conditional approvals for the 2,714 beneficiaries conditionally approved for parole but who had not traveled to the United States," and "order[ing] DHS to continue the post-conditional-approval processing for these 2,714 beneficiaries under the policies and procedures that it had in place prior to January 2017 for processing such beneficiaries, including the procedures described in USCIS's publication *Central American Minors (CAM) Parole Program: Information for Conditionally Approved Applicants*" (ECF No. 77, at 23-24 & 29-30 (citing AR, Ex. 48)).

WHEREAS, the Court ordered Defendants to submit their plan for "processing these 2,714 beneficiaries with benchmarks for assessing compliance" (ECF No. 77 at 30).

WHEREAS, Plaintiffs and Defendants stipulated, and the Court ordered, that the deadline for Defendants' plan to process the beneficiaries be extended in light of the Parties' discussions regarding a complete resolution of this action, and Defendants' plan is currently due by April 18, 2019 (ECF Nos. 81, 82, 89).

WHEREAS, Plaintiffs and Defendants have concluded that a complete resolution of this action is desired by all Parties.

IT IS HEREBY STIPULATED AND AGREED, by the Parties to this action (hereinafter "the Parties"), through their counsel of record that:

1. The Parties will jointly move the Court to convert its PI Order (ECF No. 77) into a permanent injunction, which the Court will have continuing jurisdiction to enforce.

2. USCIS agrees to abandon its reconsideration process of its decision to rescind conditional approvals for parole for CAM beneficiaries (ECF No. 76), and USCIS agrees not to initiate any new process to reconsider its decision to rescind conditional approvals for parole for CAM beneficiaries who were conditionally approved at the time the program was terminated.

3. The Parties agree to waive their rights to appeal the Court's Orders on Plaintiffs' motion for preliminary injunction and Defendants' motion to dismiss (ECF Nos. 51, 77).

4. The Parties agree to waive their rights to move for fees and costs. The Parties will bear their own attorneys' fees and costs.

5. USCIS agrees to process the approximately 2700 individuals who were conditionally approved for parole prior to the CAM Parole program's termination and then issued rescission notices, as well as any later born children who are classified as add-ons, pursuant to the Court's PI Order (ECF No. 77). Specifically, USCIS agrees that the conditionally approved beneficiaries shall be processed pursuant to the CAM policies, guidance, and practices in effect on January 1, 2017. USCIS agrees that pursuant to such CAM policies, guidance, and practices, beneficiaries are eligible for CAM processing so long as they were under 21 years old as of the date on which their Affidavit of Relationship forms were filed, regardless of their age at the time of parole into the United States. USCIS shall notify CBP of the resumption of CAM parole processing and the timeframe for the first beneficiaries arriving at U.S. ports of entry. The Parties anticipate that as a result of this agreement, most conditionally approved beneficiaries will be paroled into the United States, so long as they and their U.S.-based parents continue to remain eligible, are able to pay the associated costs for medical exams and travel, and desire parole.

6. Given the use of the same CAM program policies, guidance and practice as prior to the termination of the program, individuals who previously had conditional approval but whose circumstances have changed such that they no longer meet the program requirements will not be eligible for parole, notwithstanding this agreement, such as if their parent in the U.S. is no longer lawfully present or if a child is no longer eligible due to a legal marriage.

7. With respect to the two Plaintiff families whose beneficiaries had not yet received a decision on their CAM applications when USCIS terminated the CAM Parole program—specifically, the beneficiaries are (1) A.B.'s son; (2) A.B.'s son's child; (3) H.F.; (4) A.F.; and (5) H.F. and A.F.'s mother—these beneficiaries shall have their cases re-opened and be considered for parole for purposes of this settlement.  These two Plaintiff families are the exception—otherwise this settlement only covers individuals who were conditionally approved for parole prior to the termination of the CAM Parole program and then issued rescission notices from USCIS.

8. By April 18, 2019, USCIS agrees to file with the Court a more detailed plan for CAM processing with benchmarks for assessing compliance, which shall not conflict with this Memorandum of Agreement and shall contain the following provisions:

    a. A plan for providing individualized notice to U.S.-based parents and in-country beneficiaries regarding Defendants' resumption of CAM Parole processing, and such notice shall remind applicants and beneficiaries that there are costs for medical exams and travel which are borne by applicants.

    b. A plan for accepting updated contact information from U.S.-based parents and beneficiaries, including by establishing an email address by which U.S.-based parents, beneficiaries and/or their attorney or accredited representatives can inquire whether they are eligible for resumed CAM processing.  USCIS will respond to such queries in a reasonable amount of time, while maintaining confidentiality.  The parties will continue to discuss ways to develop and improve communication channels between USCIS and program participants.

9. Defendants will report in writing to the Court on their progress in implementing this agreement beginning on July 1, 2019 (the first quarterly report) and every three months thereafter until processing is complete (i.e., until the last beneficiary's case is adjudicated and all approved beneficiaries travel).  Subject to revisions to the extent necessary to track the categories of information Defendants collect, the reports to the Court are expected to include the following numbers once initially:

- The number of parents who appear to be in the US lawfully.
- The number of parents for whom Defendants cannot confirm lawful presence (and who

BINDING MEMORANDUM OF AGREEMENT; [PROPOSED] ORDER
Case No. 18-CV-03539 LB

4

will receive requests to provide such evidence within 87 days).  In addition, with respect to the U.S.-based parents for whom Defendants cannot confirm lawful presence, Defendants would later make a one-time report of the number of parents for whom Defendants were later able to confirm lawful presence.

- • The number of beneficiaries who require fingerprint collection (i.e. the number of beneficiaries who are now at least 13 ½ and who hadn't had their fingerprints collected previously for CAM).

Defendants would then provide the following numbers every three months:

A. The number of beneficiaries who submitted fingerprints after their case was reopened;

B. The number of beneficiaries for whom a medical exam is scheduled (*Note, these will be beneficiaries with a scheduled appointment and who have not yet attended their appointment);

C. The number of beneficiaries for whom USCIS has received the medical exam results;

D. The number of beneficiaries who have a pending request for a re-interview;

E. The number of beneficiaries who completed a re-interview;

F. The number of beneficiaries for whom USCIS authorized parole;

G. The number of beneficiaries for whom USCIS denied parole; and

H. The number of beneficiaries who traveled to the United States.

Defendants would also report in the third quarterly report (1) the number of beneficiaries for whom the U.S.-based parent did not respond to USCIS contact efforts and (2) the number of beneficiaries who did not respond to USCIS contact efforts.  With respect to this population who did not respond to Defendants' contact efforts, the Parties shall meet and confer after the third quarterly report.

10.  The signatories hereto represent that they have authority, whether on behalf of the Defendants or on behalf of their clients, to enter into this Memorandum of Agreement.  The Memorandum of Agreement is to be construed under federal law as an agreement made in and to be performed in the United States.

11. This Memorandum of Agreement is intended to be binding as a contract between the Parties and shall be enforceable and admissible in any proceeding, notwithstanding any settlement or mediation

privilege.  The Parties may agree on additional specific terms, which they will memorialize in addendums to this Memorandum of Agreement.  If any dispute arises regarding performance under this Memorandum of Agreement, the Parties agree to submit that dispute to the Honorable Laurel Beeler, who shall be empowered to resolve said dispute.

DATED:  April 11, 2019

RONALD M ROSENBERG
Digitally signed by RONALD M ROSENBERG
Date: 2019.04.11 23:24:47 -04'00'

RON M. ROSENBERG
Chief of International Operations, within the Refugee, Asylum, and International Operations Directorate of U.S. Citizenship and Immigration Services (USCIS)

DATED:  April 11, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

*/s/ Wendy M. Garbers*
WENDY M. GARBERS
Assistant United States Attorney

Attorneys for the Federal Defendants

BINDING MEMORANDUM OF AGREEMENT; [PROPOSED] ORDER
Case No. 18-CV-03539 LB

| | |
|---|---|
| DATED: April 11, 2019 | */s/ Linda Evarts*\* <br> LINDA EVARTS (appearance *pro hac vice*) <br> KATHRYN C. MEYER (appearance *pro hac vice*) <br> MARIKO HIROSE (appearance *pro hac vice*) <br> INTERNATIONAL REFUGEE ASSISTANCE PROJECT <br> One Battery Park Plaza, 4th Floor <br> New York, NY  10004 <br><br> JUSTIN B. COX (appearance *pro hac vice*) <br> INTERNATIONAL REFUGEE ASSISTANCE PROJECT <br> PO Box 170208 <br> Atlanta, GA  30317 <br><br> */s/ Daniel B. Asimow* <br> DANIEL B. ASIMOW <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> Three Embarcadero Center, 10th Floor <br> San Francisco, California 94111 <br><br> JOHN A. FREEDMAN (appearance *pro hac vice*) <br> DAVID J. WEINER <br> GAELA K. GEHRING FLORES\*\* <br> DANA O. CAMPOS\*\* <br> MATEO MORRIS\*\* <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> 601 Massachusetts Ave., NW <br> Washington, DC. 20001-3743 <br><br> PHILLIP A. GERACI\*\* <br> SUSAN S. HU\*\* <br> ARNOLD & PORTER KAYE SCHOLER LLP <br> 250 West 55th Street <br> New York, NY. 10019-9710 <br><br> \*\**Pro Hac Vice* motion forthcoming <br><br> Attorneys for Plaintiffs |

*\*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that all signatories have concurred in the filing of this document.*

BINDING MEMORANDUM OF AGREEMENT; [PROPOSED] ORDER
Case No. 18-CV-03539 LB

7

1 **[PROPOSED] ORDER**

2     Pursuant to the Parties' Memorandum of Agreement, and good cause appearing therefore,

3 IT IS SO ORDERED.

5 Dated:   April 12, 2019

*/s/ Laurel Beeler*

HONORABLE LAUREL BEELER
United States Magistrate Judge

28 BINDING MEMORANDUM OF AGREEMENT; [PROPOSED] ORDER
Case No. 18-CV-03539 LB